# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-01651-SCT

*JUDITH C. SMITH*

*v.*

*KATHY ANN KING, CHARLES SMITH, JR.,*
*MARGARET SMITH BRITT AND SHEILA SMITH*
*GEORGE*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/02/2005 |
| TRIAL JUDGE: | HON. EDWARD E. PATTEN, JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | W. BRADY KELLEMS |
| | JOSEPH PRESTON DURR |
| ATTORNEY FOR APPELLEES: | OLEN C. BRYANT, JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 10/19/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., GRAVES AND DICKINSON, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This is an interlocutory appeal pursuant to Rule 5 of the Mississippi Rules of Appellate Procedure from an action in Lincoln County Chancery Court in which Kathy Ann King was appointed conservator of her father, Charles H. Smith, Sr. (Charles)[1], without notice to any other family member, most notably Charles's wife, Judith C. Smith (Smith).   Finding that the conservatorship is invalid, we reverse and remand.

## FACTS AND PROCEEDINGS BELOW

---

[1]Charles is now deceased.

¶2. King filed a petition for appointment of conservator in Lincoln County Chancery Court Cause No. 2001-452 on September 12, 2001, and there was an order appointing King as conservator on September 20, 2001. King asserts that after she was appointed conservator, Charles attempted to convey land to himself and Smith as joint tenants with right of survivorship. Thereafter, King apparently filed various motions including a Complaint to Set Aside Deed and Transfers and a separate motion for partial summary judgment. Those pleadings were filed in Lincoln County Chancery Court Cause No. 2001-592. Smith apparently responded to King's filings and also filed Defendant's Counter-Motion for Partial Summary Judgment.

¶3. By Opinion and Order on August 4, 2005, the trial court certified for interlocutory appeal an issue regarding the validity of the underlying conservatorship from trial court cause no. 2001-452 and reserved ruling on the motions for summary judgment in trial court cause no. 2001-592 pending this Court's disposition of the interlocutory appeal. The trial court order was filed in cause no. 2001-592. Smith designated all portions of 2001-452, as well as certain portions of 2001-592. However, only portions of 2001-592 were filed with this Court, meaning this Court did not receive the record pertaining to the conservatorship and the issue certified for interlocutory appeal (2001-452) with the exception of a few items attached as exhibits to pleadings in 2001-592. Therefore, this matter is being decided on the limited record before this Court.

2

**DISCUSSION**

¶4. Smith asserts that the conservatorship is invalid because notice was not given to the spouse (Smith) or at least one other relative as required by Miss. Code Ann. § 93-13-253. King counters that, as Charles's daughter and the petitioner in the conservatorship matter, she satisfied the requirement of a relative having notice.

¶5. Miss. Code Ann. § 93-13-253 provides in relevant part:

> Upon the filing of such petition, the clerk of the court shall set a time and place for hearing and shall cause **not less than five (5) days' notice thereof to be given to the person for whom the conservator is to be appointed**, except that the court may, for good cause shown, direct that a shorter notice be given. **Such notice shall also be given to the husband or the wife, or a descendant or an ascendant, or next of kin of the person for whom the conservator is to be appointed**, provided the person to whom notice is given is a resident of Mississippi, except where such person is himself the petitioner, **it being the intention of the legislature to require personal service on the person for whom the conservator is to be appointed and one relative.**

Miss. Code Ann. § 93-13-253 (Rev. 2004) (approved March 20, 1962) (emphasis added).

¶6. This Court has found that Miss. Code Ann. § 93-13-253 requires notice to someone other than the petitioner. In *Butler v. Brantley*, 865 So.2d 1126 (Miss. 2004), this Court found that Brantley, the mother of the person for whom the conservator was to be appointed, failed to meet the requirement of sending notice to the next of kin under Miss. Code Ann. § 93-13-253 by failing to give notice to Butler, the father of the person for whom the conservator was to be appointed. However, the Court further found that the error was cured by Butler being present in the courtroom during the proceeding, thus having submitted himself to the jurisdiction of the court.

¶7. In the case sub judice, King apparently gave notice to only Charles, who was the person

3

for whom the conservator was to be appointed. There is no evidence of any other relative being noticed. Pursuant to **Butler**, we find that King's claim that she, as petitioner, satisfied the requirement of sending notice to next of kin must fail.[2] Furthermore, this finding is consistent with the language "it being the intention of the legislature to require personal service on the person for whom the conservator is to be appointed and one relative" which indicates that at least three people - the petitioner, the person for whom the conservator is to be appointed, and one relative - will have knowledge of the proceeding.

## CONCLUSION

¶8. Pursuant to Miss. Code Ann. § 93-13-253 and **Butler**, 865 So.2d 1126, we find that the conservatorship in this matter is invalid because notice was not provided to Charles spouse or one other relative. Therefore, we reverse the chancellor's order appointing King as conservator, and we remand this case to the chancery court for further proceedings consistent with this opinion.

¶9. **REVERSED AND REMANDED.**

   **SMITH, C.J., WALLER, P.J., DIAZ, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. COBB, P.J., NOT PARTICIPATING.**

---

[2]We note that the trial court actually certified interlocutory appeal "on the limited issue of whether or not the procedural requirements of Miss. Code Ann. § 93-13-281 apply to the establishment of conservatorships, or whether same are governed solely by Miss. Code Ann.§ 93-13-253." However, we find that Miss. Code Ann. § 93-13-253 is dispositive of this issue and that the discussion of any additional claims is unnecessary. Further, while Smith apparently argued the application of section 281 before the trial court, the argument in her brief before this Court only discusses section 281 "by way of analogy."